[ANONYMOUS.]

High Court of Errors and Appeals.

*Ridgely's Notebook IV, 448.*

Monday, August 2, 1824.

Present: RIDGELY, CHANCELLOR; JOHNS, Chief Justice; and DAVIS, Associate Justice of the Supreme Court; and COOPER and STOUT, Associate Justices of the Court of Common Pleas.

Absent: BOOTH, Chief Justice; and WAY, Associate Justice of the Court of Common Pleas; and BATSON, Associate Justice of the Supreme Court. Mr. Justice Booth was detained at home by sickness. There was not a quorum to hear any cause but an appeal from Chancery; and in none of those cases were all the counsel employed in attendance.

MR. CHIEF JUSTICE JOHNS suggested to the members of the Court, and particularly to the Justices of the Court of Common Pleas, whether they would proceed to hear any Chancery case in the absence of Mr. Chief Justice Booth. THE CHANCELLOR had nothing to say on the subject, but he felt no doubt about the propriety of hearing those cases, because the constitution [Art. 7, s. 1] has declared that "any four of the Judges of this Court may proceed on business;" and nowhere is the absence of the Chancellor, or of either or both of the Chief Justices made a cause to suspend the business, provided there be a quorum. Indeed the 7th article of the constitution contemplates the absence of both of the Chief Justices, and yet that the business shall be proceeded in; and thus is no exception of Chancery cases. On an appeal from the decree of the Chancellor on a bill filed by John Vandyke and others against Mr. Chief Justice Johns, the Court did hear the appeal, in the absence of Mr. Chief Justice Booth, and, of course, when Mr. Chief Justice Johns was not on the bench, as he was a party, and dismissed the appeal.

———

Tuesday, August 3, 1824.

The Court met this morning between nine and ten o'clock. The members were present as yesterday with JUDGE BATSON.

The Court called up the cause of *Otis Pain, Administrator and others v. John Robinson,* which is an appeal from Chancery, in Sussex County. *Mr. Wells,* counsel for the appellants, stated that the parties on both sides were willing to a continuance; and having understood that the Court had yesterday suggested some doubt about proceeding in appeals from Chancery in the absence of the Chief Justice of the Court of Common Pleas, he hoped that the Court would not urge the appellant into a hearing in the present state of the Court. MR. JUSTICE DAVIS was of opinion that the cause should be heard, without there were some special reason to continue it. MR. CHIEF JUSTICE JOHNS, contrary to his intimation yesterday, was clearly of opinion that the cause should be heard. MR. JUSTICE BATSON and MR. JUSTICE STOUT were both for its continuance. The Chancellor did not hear Mr. Justice Cooper's opinion, but MR. JUSTICE JOHNS said there was a majority of the Court for continuing it; and so it was continued. So much for. Mr. Chief Justice Johns' tampering with edged tools. According to this precedent an appeal from Chancery cannot be heard in the absence of one of the Chief Justices; and thus the constitutional quorum is annulled, and, unless both Chief Justices shall be of the quorum, *adieu* to Chancery appeals. The Chancellor, of course, had nothing to say in the case.

The Court then proceeded to the case of *John Holland's Executrix v. Mary Holland,* which is an appeal from the Chancery; and as the counsel on both sides consented to the hearing in the absence of Mr. Chief Justice Booth, the Court went on with the cause; and as the Chancellor was very unwell he went home. The decree of the Chancellor was affirmed.

There was not a quorum to hear any writ of error directed to the Justices of the Supreme Court, because of the absence of Mr. Chief Justice Booth, and the non-attendance of Mr. Justice Way.

Adjourned to Wednesday, nine o'clock.

Wednesday, August 4, 1824.

This day the Court met. Present: JOHNS, DAVIS, and BATSON, Justices of the Supreme Court; and COOPER and STOUT, Justices of the Court of Common Pleas. The Chancellor did not attend, because he was so much indisposed that he apprehended that by sitting in court his health might be so seriously affected that he should not be able to do business at any future day of the term, but that by indulging, and nursing himself

today, he might very well engage tomorrow, and every day after, in the duties of the Court. And to this effect he wrote a note to Mr. Chief Justice Johns, before 9 o'clock in the morning. But the Chancellor knew that he might well stay at home, for yesterday, it was understood that the Court would be this day employed in appeals from the Court of Chancery, and such was the fact.

The cause of *Adam Barr and others v. John Burr,* an appeal from Chancery was taken up for argument.

At 2 or 3 o'clock p. m. Chief Justice Johns came out to my house to borrow my notes in the case of *Barr et al. v. Barr.* I was then up, and felt so much better that I assured him that I should attend tomorrow. Afterwards, Mr. Rogers, Attorney General, called on me, and I gave him the same assurance.

The Court finished the case of *Barr et al. v. Barr* and affirmed the decree, and adjourned to the [——] [1] day of October next.

### Thursday, August 5, 1824.

The Chancellor went to town this morning about 9 o'clock, and was there informed by Mr. Sipple that the Court had adjourned to the [——] [2] day of October next. This was a very improvident act because the Chancellor, as he expected the day before, is now quite recovered, and is able to do business; and because Mr. Justice Way arrived at Dover last evening. If the Court had remained, there would have been a sufficient quorum to hear appeals from Chancery, and writs of error directed to either of the courts of common law. The Chancellor and Judges Johns, Davis, and Batson could have heard writs of error directed to the Court of Common Pleas; and the Chancellor and Judges Way, Cooper, and Stout could have heard writs of error directed to the Supreme Court; and all the judges might have heard appeals from Chancery. As the Chancellor was not present yesterday afternoon he knows not the reason assigned for breaking up the court; and Mr. Sipple, the clerk, could not inform him.

---

[1] Blank in manuscript.
[2] Blank in manuscript.